IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00011-M

LARRY DARNELL HILL, JR.,
                Plaintiff,

v.                                    **ORDER**

DEBRA YUNGMAD and NATIONWIDE
INSURANCE,
                Defendants.

This matter is before the court on the Order and Memorandum and Recommendation (hereinafter "M&R") of United States Magistrate Judge Robert B. Jones, Jr. [DE-8] to (1) dismiss pro se Plaintiff's claims against Defendant Debra Yungmad (hereinafter "Yungmad"), (2) dismiss Plaintiff's claim for emotional distress, and (3) allow to proceed Plaintiff's breach-of-contract claim against Defendant Nationwide Insurance. Plaintiff did not file an objection to the M&R however he subsequently filed a Motion to Expedite Mediation [DE-10] which is also before the court.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotations omitted); *see* 28 U.S.C. § 636(b). Absent timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (citation and quotations omitted).

The court has reviewed the M&R and the record in this case and is satisfied that there is no clear error on the face of the record. Accordingly, the court ADOPTS the M&R [DE-8] and for

the reasons state therein DISMISSES Plaintiff's claims against Yungmad, DISMISSES Plaintiff's claim for emotional distress, and allows to proceed Plaintiff's breach-of-contract claim against Defendant Nationwide Insurance. The Clerk of Court is DIRECTED to terminate Yungmad from this action.

Given representations that communication with the Defendants has already begun, see DE-10 at 1, and the implication that the Defendants are aware of the suit and nature of the claims, the Plaintiff's Motion to Expedite Mediation [DE-10] is GRANTED. Plaintiff and Defendant Nationwide Insurance shall participate in a mediated settlement conference as soon as practicable. The parties shall file a joint statement identifying an agreed-upon mediator within twenty-one (21) days from the date of this order and provide joint status updates to the court every thirty (30) days thereafter. If the parties fail to notify the court of their agreed-upon mediator by this deadline, the Clerk of Court may appoint a mediator. If a party or parties believe that this case should be exempted from the requirement to mediate, they may file a motion requesting an exemption. The motion should reflect the position of any party that has not joined in the motion. The court will consider the motion and determine, in its discretion, whether to grant the motion.

SO ORDERED this the 24th day of March, 2021.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE