IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:21-CV-00011-M

| | |
|---|---|
| LARRY DARNELL HILL, JR., Plaintiff, | )<br>)<br>) |
| v. | ) **ORDER**<br>) |
| DEBRA YUNGMAD and NATIONWIDE INSURANCE, Defendants. | )<br>)<br>)<br>) |

This matter is before the court on pro se Plaintiff's "Motion to terminate mediation and move forward with a jury trial; court appointed counsel" [DE-19]. Defendant responded [DE-20], Plaintiff replied [DE-21], and the matter is ripe for adjudication. Plaintiff makes two requests in his motion. First, Plaintiff requests that the court terminate its directive to the parties to participate in a mediated settlement conference, which was made at his request, see Plaintiff's Motion to Expediate Mediation [DE-10] and Order grating Plaintiff's motion [DE-11], on the basis that he cannot afford the mediation fees. Defendant Nationwide Insurance, the only remaining Defendant in this action, has represented that mediation may not be productive at this juncture. *See* DE-20 at 2. Given the parties agreement that mediation would not be beneficial, the court GRANTS the motion in part as to the request to terminate mediation. Furthermore, the court INSTRUCTS the parties that they are no longer required to file the associated joint, monthly updates to the court regarding the status of mediation.

Second, Plaintiff requests that the court appoint him counsel. There is no constitutional right to counsel in civil cases and generally, indigent litigants in civil disputes are not entitled to court-appointed counsel, except in certain limited circumstances not present here. *See Gideon v. Wainwright*, 372 U.S. 335 (1963) (holding that the Sixth Amendment grants an indigent defendant

the right to state-appointed counsel in a *criminal* case); *Turner v. Rogers*, 564 U.S. 431 (2011) (discussing that the Due Process Clause may require the provision of counsel in civil proceedings where there is the *possibility of incarceration*); *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975) (noting courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases."). The court DENIES the motion in part as to the request for counsel. The United States District Court for the Eastern District of North Carolina has developed a guide intended to help people who choose to prosecute or defend a civil case in this court without the assistance of an attorney. The Clerk of Court is DIRECTED to mail a copy of this guide, entitled "Representing Yourself in a Civil Case: A Guide for the Pro Se Litigant," to Plaintiff's attention.

SO ORDERED this the 30th day of April, 2021.

*Richard E Myers II*
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE